Gilbert SCHMIDT et al., Appellants,

v.

Karl HERRMANN et al., Appellees.

No. 77–2821.

United States Court of Appeals,
Ninth Circuit.

Feb. 4, 1980.

Rehearing Denied March 26, 1980.

J. R. Cissna, Seattle, Wash., for appellants.

Dale B. Ramerman, Bogle & Gates, Seattle, Wash., for appellees.

Before KILKENNY and CHOY, Circuit Judges, and GRANT, District Judge.*

KILKENNY, Circuit Judge:

This is an appeal from a judgment of the district court dismissing appellants' complaint with prejudice for failure to comply with Rule 9(b), FRCivP, and orders of the court to comply with the Rules of Procedure. The complaint involved the approval by the bankruptcy court of the sale of certain real property of a bankrupt corporation. The litigation has been in the federal courts since 1967, at which time the debtor, Federal Shopping Way, Inc. (FSW), was faced with an involuntary petition for reorganization under Chapter X of the Bankruptcy Act. That the litigation is not a stranger to this court is made evident by our decision in the Chapter X proceeding, *In the Matter of Federal Shopping Way, Inc.,* 433 F.2d 144 (CA9 1970). Subsequent to that proceeding, the debtor was adjudicated a bankrupt and liquidation proceedings under the Bankruptcy Act were ordered. Two appeals from that decision were later dismissed because the docket fees were not paid and the appeals were not pursued. Many of the appellants before us were purchasers of the capital stock of FSW and of its debentures.

The record shows that FSW had acquired considerable real property on each side of Highway 99 near Federal Way in the State of Washington: The land on the west side was developed into a shopping center and carnival rides area. Twenty acres on the east side were divided into 8,000 parts called "Recreplex Units." About half the units were sold to persons who have since, in a class action, obtained a securities fraud judgment against John R. Cissna, *now the attorney for the appellants.*

Cissna had a controlling interest in the corporation known as Federal Association, Inc. It had sold securities to approximately 2,500 people. Funds of Federal Association were used to form Federal Old Line Insurance Company (FOLI) and FSW. Cissna had the controlling interest in both FOLI and FSW and is the principal actor behind this appeal. Many of the appellants are policyholders of FOLI.

In order to complete the liquidation of the last significant assets of FSW, the trustee in bankruptcy (appellee McQuaid) commenced an action to quiet title in the trustee and to authorize sale of the remaining undeveloped land on the east side of the highway.[1] Various objections to the proposed sale were filed, including those of Cissna on behalf of many, if not all, of the appellants in this action. He claimed to represent 206 creditors of FSW. After an appraisal of the property and a hearing, the bankruptcy court made findings of fact, and entered conclusions of law and an order approving the sale of the property by the trustee. The sale was made to one of the appellees in this action, Andrew Cratsenberg.

Cissna filed three notices of appeal from the order approving the sale. None of the notices were filed on time and the appeals were dismissed by the district court.

Approximately ten months after the entry of the order approving the sale, the proceeding now before us was commenced to set aside that order, to rescind the sale, and to recover damages for alleged frauds. Not all of the appellants and appellees are named in the caption of the complaint, but seem to be included by reference in addenda to the complaint. In any event, it is clear that Cissna is attempting to represent four general classes of appellants (plaintiffs): (1) stock and bond holders of FSW; (2) policyholders of FOLI; (3) purchasers of the recreplex interests; and (4) owners of interests in a tract of land called "Santa Fair." The appellees (defendants) are: (1) Karl Herrmann, the Washington State Insurance Commissioner; (2) Andrew Cratsenberg, the buyer of the property subject

---

* The Honorable Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

1. The shopping center on the west side had been sold in 1973 and is not involved in this litigation.

to the bankruptcy order authorizing the sale of the property; (3) Joseph McKinnon, the attorney who represented the class which won the securities fraud judgment against Cissna; (4) Thomas McQuaid, the trustee in bankruptcy who sought the sale of the bankrupt's property; (5) the attorneys of the above-mentioned defendants, and; (6) various people alleged to be under the control of the above-mentioned appellees.

## PLEADINGS

The complaint before us consists of 30 pages, including 21 pages of allegations and 9 pages of addenda. From a practical viewpoint, it is impossible to designate the cause or causes of action attempted to be alleged in the complaint. The appellants' main contentions seem to be (1) that the property was sold at a price which should shock the conscience of the court; (2) that the sale should be set aside because of a massive conspiracy among the appellees to defraud appellants, and (3) that the bankruptcy judge was allegedly biased against them. The complaint also demands over $20,000,000.00 in damages.

On the motion of appellee McKinnon, the district court struck appellants' complaint for failure to comply with FRCivP 8(a), 8(e), and 9(b), but granted leave to file an amended complaint. The court specifically ordered that the complaint contain a short, plain, simple, concise, and direct statement on the court's jurisdiction and on the acts or omissions of which the appellants complain.

Cissna then filed a first amended complaint. The court, on motion of appellee McQuaid, dismissed this complaint. Appellants' claim which sought to nullify the bankruptcy court's order approving sales by the trustee was dismissed with prejudice on the grounds that the district court was without jurisdiction to affect title to the property within the jurisdiction of the bankruptcy court and that the order of the bankruptcy court was not subject to collateral attack. Although this order was certified under FRCivP 54(b), no appeal was prosecuted.

Additionally, the first amended complaint was dismissed on the grounds that it failed to present a short, plain statement respecting the alleged wrongdoings of each appellee and that it failed to comply with the previous court order requiring such a statement. The court granted leave to file another amended complaint on the fraud claims.

Subsequently, the second amended complaint was filed and was later dismissed with prejudice on the ground that it failed to set forth with particularity the circumstances constituting fraud as to each appellee in accordance with Rule 9(b). The court also dismissed the complaint for failure to comply with the court's orders to present a short, simple, concise, and direct statement respecting the alleged wrongdoing of each appellee. This appeal is prosecuted from this last mentioned order and judgment of dismissal with prejudice.

## ISSUE

The sole issue before this court is whether the district court abused its discretion in dismissing the appellants' second amended complaint with prejudice for failure to comply with Rules 8(a), 8(e), and 9(b), FRCivP, and for failure to comply with the court's order to amend the complaint to comply with those rules.

## DISCUSSION

FRCivP 41(b) provides in pertinent part: "For failure of the plaintiff to prosecute or *to comply with these rules or any order of court,* a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits." [Emphasis supplied.] Inasmuch as this rule is a harsh remedy, and that sometimes the fault lies with the attorney rather than the litigant, at times the courts have been reluctant to impose the ultimate sanction of dismissal with prejudice, *e. g., Industrial Buildings Materials, Inc. v. Interchemi-*

*cal Corporation,* 437 F.2d 1336 (CA9 1970); *Flaska v. Little River Marine Construction Co.,* 389 F.2d 885 (CA5 1968), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387; *Syracuse Broadcasting Corp. v. Newhouse,* 271 F.2d 910 (CA2 1959). However, aggravating circumstances may make a dismissal with prejudice appropriate. *Von Poppenheim v. Portland Boxing & Wrestling Comm.,* 442 F.2d 1047 (CA9 1971); *Agnew v. Moody,* 330 F.2d 868 (CA9 1964), *cert. denied,* 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed.2d 70. In the final analysis, the court of appeals will overturn a district court's dismissal pursuant to Rule 41(b) only where it is apparent that the court abused its discretion. *Fendler v. Westage-California Corp.,* 527 F.2d 1168 (CA9 1975); *Von Poppenheim v. Portland Boxing & Wrestling Comm., supra.*

A rule of thumb as to the meaning of the abuse of discretion standard is that the trial court's order should not be disturbed unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (CA9 1976); *States Steamship Co. v. Philippine Air Lines,* 426 F.2d 803 (CA9 1970).

## CONCLUSION

The most that can be said of appellants' complaint, the amended complaint, and the second amended complaint is that they contain conclusory allegations on the history of this rather complex litigation. There are no specific allegations as to instances of fraud for which appellees could be held responsible. In fact, the second amended complaint goes so far as to say that discovery will be necessary to find grounds for an action against the appellees. This instrument alone is 30 pages in length and, it would appear that the attorney (Cissna) was attempting to write a confusing statement of a non-existing cause of action rather than a "short plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a), FRCivP, or a pleading containing "simple, concise, and direct" averments as required by Rule 8(e), FRCivP, or a pleading containing averments of the particular circumstances constituting the alleged frauds as required by Rule 9(b), FRCivP.

Our examination of the confusing, distracting, ambiguous, and unintelligible pleadings presented by appellants convinces us that the district court was well within its discretion when it twice struck the appellants' pleadings for failure to comply with the Federal Rules of Civil Procedure. The court warned appellants that the claims would be dismissed if there was a failure to comply with the court's orders. Clearly, although it is not required for a dismissal under Rule 41(b), the appellees were prejudiced by the appellants' failure to file understandable pleadings. A recital of the convoluted statements as made in the pleadings would be of absolutely no help to the profession or to the judiciary. Simply stated, such pleadings should not be permitted to stand in the face of the positive language of our Federal Rules of Civil Procedure.

The judgment of the district court must be affirmed.

IT IS SO ORDERED.