873 F.2d 1451
 10 U.S.P.Q.2d 1797
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James CONSTANT, Plaintiff-Appellant,
v.
ADVANCED MICRO-DEVICES, INC., Analog Devices, Inc., AT & T,
FPS Incorporated, Fujitsu Limited, Fujitsu
Microelectronics, Inc., NEC Electronics,
Inc., and Texas Instruments,
Inc., Defendants-Appellees.
 No. 89-1122.
 United States Court of Appeals, Federal Circuit.
 April 11, 1989.
Rehearing Denied May 3, 1989.
 
 Before MARKEY, Chief Judge, and NIES and MICHEL, Circuit Judges.
 
 PER CURIAM
 DECISION
 
 1
 James Constant (Constant) appeals from an Order of the United States District Court for the Central District of California, No. 88-00784 SVW (Bx), dismissing his complaint with prejudice.* We affirm.
 
 OPINION
 
 2
 Constant's contentions on appeal are totally unfounded. They totally fail to manifest even an appearance of an abuse of discretion by the district court.
 
 
 3
 Transfer of the case to Judge Wilson, before whom a related case was pending, pursuant to Local Rules was not an abuse of discretion. C.D.Cal.R. 4. The district court's refusal to award Constant sanctions against Fujitsu Microelectronics, Inc. (FMI) and Texas Instruments, Inc. (TI) for complying with their duty under Local Rules to notice related cases was not an abuse of discretion.
 
 
 4
 The district court did not abuse its discretion in denying Constant's motions for: (1) summary judgment as to FPS, Inc. (FPS), Fujitsu Limited (FJ), and FMI because summary judgment would have been premature without opportunity for discovery, Fed.R.Civ.P. 56(f); (2) judgment on the pleadings and to strike as to Analog Devices, Inc. (AD), NEC Electronics, Inc. (NEC), AT & T, and TI because Constant improperly challenged the district court's ability to determine patent validity, Constant, 848 F.2d at 1564, 7 USPQ2d at 1058-59; (3) a more definite statement as to AT & T because AT & T's answer did not require a responsive pleading, Fed.R.Civ.P. 12(e); (4) judgment on the pleadings as to TI's answer regarding infringement because factual issues were disputed; and (5) default judgment as to AD, NEC, FPS, FMI, and AT & T because their motion to dismiss constitutes a response to Constant's repleaded complaint within the 20 day time period. Fed.R.Civ.P. 12(a) and 12(b).
 
 
 5
 Dismissal of Constant's complaint with prejudice after he refused to obey the district court's order to replead was not an abuse of discretion. Fed.R.Civ.P. 41(b); Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir.1980).
 
 
 6
 The district court did not abuse its discretion in sanctioning Constant because Constant's motion for default against TI, after admitting that TI had made a timely answer to Constant's complaint, was vexatious.
 
 
 7
 There is absolutely no basis whatever for Constant's charge of bias on the part of the district court.
 
 
 8
 Having considered these and all other arguments by Constant, we find no abuse of discretion by the district court.
 
 
 9
 In filing and maintaining this completely unfounded and vexatious appeal, Constant has subjected appellees to unnecessary expenditures and has wasted the resources of this court. Constant shall pay to appellees the costs and attorney fees incurred by appellees in responding to this appeal.
 
 
 
 *
 Constant previously filed five lawsuits in the district court resulting in two appeals before this court. Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 7 USPQ2d 1057 (Fed.Cir.1988), cert. denied, 109 S.Ct. 228 (1988); Constant v. Wilson, Nos. 88-1195, 88-1196, 88-1197, 88-1198 (Fed.Cir. Aug. 25, 1988)