956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Randall JENKINS; Stacia Lee Sumwalt; The JNC
Companies, Plaintiffs-Appellants,
v.
Alan D. DAVIDON, individually and in his official capacity
as Deputy Pima County Attorney; Millard Rowlette, in his
official capacity as Deputy Pima County Attorney; Stephen
D. Neely, in his official capacity as Pima County Attorney;
Jerry Goddard, individually; Pima County, a body politic
and corporate; Greg Lunn, in his official capacity as Pima
County Supervisor for District 1; Dan Eckstrom, in his
official capacity as Pima County Supervisor for District 2;
Ed Moore, in his official capacity as Pima County Supervisor
for District 3; Reg Morrison, in his official capacity as
Pima County Supervisor for District 4; Raul Grijalva, in
his official capacity as Pima County Supervisor for District
5; Pima County Superior Court, Pima County, Arizona;
Lawrence Fleischman, in his official capacity as Judge of
Pima County Superior Courts Division 11; Bernardo P.
Velasco, in his official capacity as Judge of Pima County
Superior Courts Division 11; Fred T. Boice, individually
and in his official capacity as trustee in bankruptcy;
Peter David Beren, individually; Susan G. Boswell,
individually; Streich Lang, P.A., a professional law
association, et al., Defendants-Appellees.
 No. 91-15371.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided March 2, 1992.
 
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Jenkins (Jenkins), Stacia Sumwalt (Sumwalt), and The JNC Companies (JNC) appeal the dismissal of their civil rights action for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. We affirm, and order the payment of double costs to certain of the appellees.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 In May of 1990, Jenkins, Sumwalt, and JNC filed a 373-page complaint alleging civil rights and RICO violations by numerous state officials. Appellants sought injunctive relief against a pending state criminal proceeding. They later sought leave to file "an amended and supplemented complaint," and on September 7, 1990, the district court granted them 20 days in which to file an amended complaint. On September 27, 1990, the district court gave appellants until October 19 to file their amended complaint. Upon their request the district court later extended the deadline to December 17, 1990, and granted a final extension until December 21, 1990. In connection with an oversized memorandum filed by appellants, the district court stated in a December 19 Minute Order that "[t]his minute entry will serve as notice to counsel that all future pleadings and briefs in this case will conform to the Local Rules absent extraordinary good cause."
 
 
 4
 Appellants filed their 422-page amended complaint on December 21, 1990, along with approximately 2,200 pages of exhibits. The amended complaint named 22 additional defendants. In its order of February 7, 1991 the district court held that the complaint violated Rule 8 as well as Rule 21, and ordered the complaint dismissed with prejudice. The court gave appellants 10 days in which to file a 15-page complaint. Instead of further amending their complaint, they filed a motion for reconsideration on February 22, 1991, which the district court denied.
 
 STANDARD OF REVIEW
 
 5
 The existence of subject matter jurisdiction is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). A dismissal under Federal Rule of Civil Procedure 41(b) is reviewed for abuse of discretion. Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981).
 
 DISCUSSION
 A. Subject Matter Jurisdiction
 
 6
 Under Younger v. Harris, principles of comity and federalism dictate that federal courts generally abstain from enjoining state criminal proceedings. 401 U.S. 37, 42, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). In the district court the appellants sought an injunction against a pending state criminal proceeding. They argued that abstention was improper because the state prosecution was brought in bad faith. See Younger, 401 U.S. at 48, 91 S.Ct. at 752 (bad faith exception to abstention doctrine). The appellants now argue that Younger abstention is jurisdictional, and that the district court lacked jurisdiction to dismiss the complaint with prejudice before deciding whether abstention was proper. We have held, however, that Younger abstention does not implicate subject matter jurisdiction. Hydrostorage v. Northern Cal. Boilermakers, 891 F.2d 719, 725 (9th Cir.1989), cert. denied, --- U.S. ----, 111 S.Ct. 72, 112 L.Ed.2d 46 (1990). The district court therefore had jurisdiction to dismiss the complaint regardless of whether abstention was appropriate.
 
 B. Dismissal
 
 7
 Rule 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading ... be simple, concise, and direct." Fed.R.Civ.P. 8(a), 8(e)(1). If a complaint does not comply with Rule 8, it may be dismissed with prejudice pursuant to Rule 41(b). Nevijel, 651 F.2d at 673. The appellants maintain that they faced enhanced pleading requirements with respect to their civil rights and RICO claims. Regardless of the complexity of the case, however, a 422-page complaint, accompanied by 2,200 pages of exhibits, does not constitute a "short and plain statement" of the claim for relief. Fed.R.Civ.P. 8(a).
 
 
 8
 When faced with a violation of Rule 8 the district court should reasonably explore possible and meaningful alternatives to dismissal, but need not exhaust all alternatives before finally dismissing a case. Nevijel, 651 F.2d at 674. In the present case appellants were given the opportunity to amend their complaint to comply with Rule 8, but failed to do so. Because of their clear violation of Rule 8, their failure to amend, and the addition of 22 defendants without leave of court, the district court did not abuse its discretion by dismissing the complaint with prejudice. See Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir.) (no abuse of discretion to dismiss 70-page confusing and conclusory complaint), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985); Schmidt v. Herrman, 614 F.2d 1221, 1224 (9th Cir.1980) (no abuse of discretion in dismissing 30-page complaint that was a "confusing statement of a non-existing cause of action").
 
 C. Sanctions
 
 9
 Appellees Pima County, State of Arizona, Fred T. Boice, and Peter David Beren request that the appellants be sanctioned for filing a frivolous appeal. See Fed.R.App.P. 38. "An appeal is frivolous when the result is obvious or the appellants' arguments are wholly without merit." Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). Sanctions pursuant to Rule 38 are appropriate in the present case. The argument that the district court lacked jurisdiction to dismiss the present action for procedural violations until the district ruled on the propriety of Younger abstention is wholly without merit. The argument that the amended complaint did not violate Rule 8 is also wholly without merit. The appellants have clearly failed to comply with the Rules of Civil Procedure. See Nevijel, 651 F.2d at 675 (imposing sanctions on appellant who challenged Rule 8 dismissal). Indeed, this case at once presents us with the apogee of pertinacity and the nadir of practice. Appellants shall pay double costs to appellees Pima County, State of Arizona, Fred T. Boice, and Peter David Beren.
 
 
 10
 AFFIRMED, with payment of double costs as described above.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3