980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Loretta P. PETTITT, Plaintiff-Appellant,
v.
WESTPORT SAVINGS BANK, Successor in interest to Kings
Harvest Savings & Loan Association; Chicago Title; Central
Title Company; Randy M. Pettitt; William H. Pettitt;
London Properties, Inc., Defendants-Appellees.
 No. 92-15605.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Loretta Pettitt appeals the district court's dismissal of her fourth amended complaint without leave to amend under Fed.R.Civ.P. 41(b) for failure to file a timely opposition to the defendants' motion to dismiss her fourth amended complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's dismissal under Rule 41(b) for an abuse of discretion. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987).
 
 
 4
 Fed.R.Civ.P. 41(b) provides that an action may be dismissed "for failure of the plaintiff ... to comply with these rules or any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992). This is because district courts have the inherent power to control their dockets. Ferdik, 963 F.2d at 1260; Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986). Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Ferdik, 963 F.2d at 1260; Thompson, 782 F.2d at 831. To dismiss an action for failure to comply with a court order, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson, 782 F.2d at 831. Although, dismissal with prejudice under Fed.R.Civ.P. 41(b) is a harsh remedy and sometimes the fault is with the attorney rather than the litigant, "aggravating circumstances may make a dismissal with prejudice appropriate." Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir.1980).
 
 
 5
 Here, Pettitt filed her fourth amended complaint[1] on January 9, 1992. The defendants filed their motion to dismiss the fourth amended complaint for failure to state a claim on January 22, 1992. This motion was noticed for hearing on February 24, 1992. Under Rule 230(c)[2] of the Local Rules of the Eastern District of California, Pettitt's opposition to this motion was due fourteen days before the February 24, 1992 hearing date. The hearing was continued by stipulation of the parties to March 23, 1992. Under Rule 230(c) Pettitt's opposition to the motion was due to be served by mail on March 6, or by personal service on March 9. Pettitt's opposition was served on the defendants by mail on March 9, 1992. Pettitt's opposition was not timely filed in accordance with the rules, accordingly, the district court dismissed Pettitt's fourth amended complaint under Fed.R.Civ.P. 41(b).
 
 
 6
 Pettitt's counsel, Leonard Hoar contends that the opposition to the defendants' motion to dismiss was not filed timely in compliance with Local Rule 230(c) because he had not anticipated an increased workload with other cases and that he had been experiencing a long siege of health problems particularly an upper respiratory problem.
 
 
 7
 Pettitt's counsel, Leonard Hoar was on notice that his failure to comply with court rules would result in severe sanctions. In Melvin Tano v. County of Santa Cruz, No. CV-F-91-253-REC, the district court issued a standing order directed specifically to Mr. Leonard Hoar, which states in relevant part:
 
 
 8
 Mr. Hoar will not be allowed to argue for or against any matter in this court and the matter will be resolved against his client if he has not timely complied with the Federal Rules of Civil Procedure or the Local Rules of Practice for the Eastern District of California or sought an extension of time or continuance prior to the time he is required to take action. The court imposes this severe sanction because of Mr. Hoar's repeated violations of the applicable rules of procedure.
 
 
 9
 Although Pettitt's counsel was aware of this warning, and was also given an extended time in which to file his opposition, he failed to file Pettitt's motion on time. Therefore, the district court gave Pettitt a fair opportunity to file her motion on time, and notice that if it was not filed on time that the action would be dismissed.
 
 
 10
 Accordingly, the public's interest in expeditious resolution of litigation and the district court's interest in docket control, strongly support the district court's dismissal of Pettitt's action under Fed.R.Civ.P. 41(b). See Thompson, 782 F.2d at 832.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pettitt's four previous attempts to state a valid claim with the assistance of two different attorneys have been unsuccessful
 
 
 [2]
 Rule 230(c) Local Rules of Practice provides in part:
 Opposition, if any, to the granting of the motion shall be in writing and filed in duplicate with the clerk not less than fourteen (14) days preceding the noticed (or continued) hearing date. Opposition shall be accompanied by proof of personal service on opposing counsel not less than fourteen (14) days preceding the hearing date of by proof of mailed service not less than seventeen (17) days preceding the hearing date.