977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan C.G. GOMEZ, Plaintiff-Appellant,
v.
James K. ROWLAND, Director, California Department of
Corrections, Defendant-Appellee.
 No. 91-16111.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gomez, a California state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action before service of process for failure to comply with a court order to file an amended complaint. The district court dismissed the original complaint for failure to comply with Federal Rule of Civil Procedure 8(a). We review for an abuse of discretion, McKeever v. Block, 932 F.2d 795, 797 (9th Cir.1991), and we affirm.
 
 
 3
 A district court may dismiss an action sua sponte before service of process for an unreasonable failure to prosecute. Id. A refusal to file an amended complaint is not an unreasonable failure to prosecute if the first complaint was dismissed erroneously. Id.
 
 
 4
 A complaint may be dismissed prior to service of process if it is frivolous. Id. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); accord Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). In civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A plaintiff with an arguable claim is entitled to issuance and service of process of the complaint. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), citing Neitzke, 490 U.S. at 329-30.
 
 
 5
 Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 requires sufficient notice to put the defendants fairly on notice of the claims against them. McKeever, 932 F.2d at 798. A district court may dismiss an action for a pro se party's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored. Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981).
 
 
 6
 Gomez's first complaint, dated January 8, 1991, is a rambling, incomprehensible document of over 100 pages. In his amended complaint filed on January 23, 1991, Gomez asserted that (1) the prison improperly classified him as a Mexican when he actually is Colombian; (2) the prison mistakenly classified him as mentally unstable; (3) the prison has confused his identity with someone who is a spy, a falsifier of documents, a rapist, a cocaine dealer, a homosexual, and a terrorist.
 
 
 7
 In its May 1, 1991, order, the district court ordered Gomez to file an amended complaint satisfying the requirements of Rule 8(a) within 30 days or his action would be dismissed with prejudice. After Gomez failed to file an amended complaint within 30 days, the district court dismissed the action on June 5, 1991.
 
 
 8
 Gomez's claims regarding improper classification and misidentification fail to comply with Rule 8 and are frivolous. See Nevijel, 651 F.2d at 673. Although the claims in his complaints are vague and unintelligible, Gomez alleges more specifically on appeal that Mexicans are viewed unfavorably by other prisoners and that other prisoners will react to him unfavorably because of his perceived Mexican status. Yet Gomez alleges no facts whatsoever in support of this claim. The only recognizable basis for relief is Gomez's claim of "slander," but that does not rise to a constitutional violation. See Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986). Because Gomez failed to amend his complaint so as to comply with Rule 8, the district court did not err in dismissing his action.
 
 
 9
 On appeal, Gomez also refers to his murder conviction and may be alleging that the perpetrator was described as Mexican and that he--a Colombian--was convicted as a result of mistaken identity. To the extent that Gomez may be seeking to collaterally attack his conviction, his sole federal remedy is to file a petition for writ of habeas corpus, which he may file after exhausting state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Franklin v. Oregon, 662 F.2d 1337, 1347 & n. 13 (9th Cir.1981). Because Gomez's section 1983 action was dismissed for failure to comply with Rule 8, the district court need not stay proceedings pending Gomez's exhaustion of state remedies. Cf. Young v. Kenny, 907 F.2d 874, 878 (9th Cir.1990).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Gomez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3