985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney O. SKURDAL, Plaintiff-Appellant,
v.
YELLOWSTONE COUNTY, et al., Defendants-Appellees.
 No. 91-35859.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Appeal from the United States District Court for the District of Montana; No. CV-91-69-JDS, Jack D. Shanstrom, District Judge, Presiding.
 D.Mont.
 AFFIRMED.
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney O. Skurdal appeals pro se the district court's sua sponte dismissal, with prejudice, of his 42 U.S.C. § 1983 civil rights complaint. Skurdal contends that the district court erred by dismissing his complaint, pursuant to Fed.R.Civ.P. 41(b), for failure to comply with Fed.R.Civ.P. 8. We have jurisdiction under 18 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's dismissal of a complaint, with prejudice, under Fed.R.Civ.P. 41(b). Nevijel v. Northeast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981).
 
 
 4
 A district court may dismiss a complaint, under Rule 41(b), based on a plaintiff's failure to file a short and plain complaint stating the court's basis for jurisdiction and the basis for relief as required by Fed.R.Civ.P. 8(a).[1] Id.; Fed.R.Civ.P. 41(b). In reviewing a district court's discretionary dismissal of a complaint under Rule 41(b), we look to see if the district court explored other alternatives. Id. Before the district court can dismiss the complaint of a pro se litigant, the district court must provide the litigant with notice of the deficiencies and an opportunity to amend the complaint effectively. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied 113 S.Ct. 321 (1992). The district court need only draft a few sentences explaining the deficiencies and should not have to act as an advocate for the pro se litigant. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987).
 
 
 5
 Here, Skurdal filed a 42-page complaint along with numerous pages of documents and attachments that were not specifically referred to in the complaint. Because of the length of the complaint and Skurdal's failure to state a claim upon which relief could be granted, the district court ordered Skurdal to file an amended complaint. In its order, the district court included a 5-page discussion citing the deficiencies in Skurdal's complaint as well as guidelines for curing those deficiencies. Skurdal filed his amended complaint along with several attachments. He also lodged, without leave of court, objections to the court order and two additional amendments to his amended complaint. Skurdal's amended complaint still contained many of the same deficiencies. Because he was a pro se litigant, the district court afforded Skurdal a final opportunity to amend his complaint and cure the deficiencies. The district court cautioned Skurdal that he was to include any and all claims he wished adjudicated and to be brief, specific, and concise. Skurdal filed another amended complaint. Despite the court's specific directions, Skurdal's final amended complaint proved to be equally deficient. The district court then sua sponte dismissed Skurdal's complaint under Rule 41(b) for failure to follow the court's orders and the Federal Rules of Civil Procedure.
 
 
 6
 The district court provided Skurdal with sufficient notice of the discrepancies in his complaint as well as several opportunities to amend the complaint. See Ferdik, 963 F.2d at 1261; Noll, 809 F.2d at 1448-49. The district court properly explored other alternatives before deciding to dismiss Skurdal's complaint with prejudice. See Nevijel, 651 F.2d at 674. Accordingly, the district court did not abuse its discretion by dismissing Skurdal's complaint under Rule 41(b) for his failure to comply with the court's orders and Fed.R.Civ.P. 8. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 8(a) provides that "[a] pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)