993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene SOLIZ; Frances Soliz, Plaintiffs-Appellants,
v.
AMERICAN INTERNATIONAL ADJUSTMENT COMPANY, INCORPORATED;
ABC Corporation, 1-5, Defendant-Appellee.
 No. 91-56535.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 24, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene Soliz[1] appeals pro se the district court's dismissal of his action against American International Adjustment Co. ("AIAC") pursuant to Fed.R.Civ.P. 8(a) and 12(b)(6). Soliz also appeals the district court's order setting aside an entry of default against AIAC. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Dismissal of Action
 
 
 4
 A district court may dismiss a complaint under Fed.R.Civ.P. 41(b) based on a plaintiff's failure to comply with Rule 8(a).[2] Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981). We review for abuse of discretion the district court's dismissal of a complaint with prejudice under Rule 41(b). Id. at 674.
 
 
 5
 A dismissal for failure to state a claim pursuant to Rule 12(b)(6) is a ruling on a question of law and as such is reviewed de novo. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 600 (1992). Review is limited to the contents of the complaint. Id. at 794.
 
 
 6
 Soliz's complaint appears to allege that AIAC joined in a conspiracy to obtain adverse rulings against Soliz in legal actions that arose from Soliz's involvement in an auto accident. The complaint is largely incoherent and unintelligible. Although Soliz alleges diversity jurisdiction and a cause of action pursuant to the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961-1968 ("RICO"), he has failed to set forth specific facts that would establish either diversity jurisdiction or a viable RICO cause of action. See Lew v. Moss, 797 F.2d 747, 749 (9th Cir.1986) (party asserting diversity jurisdiction has burden of proof); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1395-96 (9th Cir.1986) (plaintiff in civil RICO claim required to plead predicate acts with some degree of specificity and clarity). Moreover, Soliz failed to remedy the deficiencies in his complaint even after he was given an opportunity to amend. Under these circumstances, the district court did not err by dismissing Soliz's action. See Nevijel, 651 F.2d at 674; Buckey, 968 F.2d at 793-94.
 
 II
 Order Setting Aside Entry of Default
 
 7
 Soliz contends that the district court erred when it set aside its entry of default against AIAC. This contention lacks merit.
 
 
 8
 Entry of default can be set aside for good cause. Fed.R.Civ.P. 55(c). We review a decision to set-aside an entry of default for abuse of discretion and we reverse only where the district court is clearly wrong in its determination of good cause. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir.1986). "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." Id. at 945-46 (quotation omitted).
 
 
 9
 Here, the court entered default against AIAC because it had failed to comply with a technical filing requirement under the federal local rule. AIAC timely filed for relief from the entry of the default. Given the circumstances, the district court did not abuse its discretion by setting aside entry of the default. See Mendoza, 783 F.2d at 945.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Soliz's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On August 3, 1992, Frances Soliz was dismissed from this appeal because she did not personally sign the notice of appeal
 
 
 [2]
 Rule 8(a) provides that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing the pleader is entitled to relief."