999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene SOLIZ, et al., Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-55097.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 9, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Eugene Soliz appeals from the district court's order dismissing his action against the United States as frivolous pursuant to 28 U.S.C. § 1915(d).[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court dismissed appellant's action without prejudice on the ground that the complaint failed to set forth a short and plain statement of his claim under Fed.R.Civ.P. 8(a). The complaint, which is comprised of two single-spaced pages of unintelligible ramblings by appellant, clearly fails to comply with Rule 8(a). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981).
 
 
 4
 In addition, to the extent that appellant's claims can be understood, they are barred by the doctrines of res judicata and absolute immunity. Appellant appears to be seeking money damages from the United States and the American International Adjustment Company for personal injuries arising from a car accident in 1988.
 
 
 5
 Appellant's first action against American International was dismissed by the district court in 1991, and that dismissal was affirmed by this court. See Soliz v. American International Adjustment Company, No. 91-56535, 1993 WL 173709 (9th Cir.1993) (Unpublished Disposition). Consequently, any further claims against the adjustment company relating to the 1988 accident are barred. See Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988).
 
 
 6
 Appellant's claims against the United States appear to be based on the district court's dismissal of his prior action against the adjustment company. The district court is absolutely immune from liability for its actions in dismissing appellant's prior action. See Butz v. Economou, 438 U.S. 478, 508-09 (1978).
 
 
 7
 Because appellant's complaint failed to comply with Fed.R.Civ.P. 8(a), and because his claims are barred by law, the district court's order dismissing his action is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Frances Soliz also seeks to appeal from the order of dismissal. Because Frances Soliz failed to personally sign the notice of appeal, however, this court lacks jurisdiction over her appeal. See McKinney v. DeBord, 507 F.2d 501 (9th Cir.1974)