978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence S. BITTAKER, Plaintiff-Appellant,
v.
Ruth RUSHEN; D.J. McCarthy; S.E. Palacioz; M.J. Buwalda;
R.L. Pulley; D.B. Vasquez, et al., Defendants-Appellees.
 Nos. 92-15375, 92-15413.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1992.*
Decided Oct. 29, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence S. Bittaker, a California state prisoner, appeals pro se from the district court's dismissal of his action pursuant to 41(b) for violations of Fed.R.Civ.P. 8(a) & (e). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Merits
 
 A. Dismissal pursuant to Rule 41(b)
 
 4
 "A district court's dismissal pursuant to Rule 41(b) will be overturned on appeal only if the district court abused its discretion." Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981). Fed.R.Civ.P. 8(a) states that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Even if the factual elements of a cause of action are present but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir.1988). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct."
 
 
 5
 Fed.R.Civ.P. 41(b) provides that an action may be dismissed "[f]or failure of the plaintiff ... to comply with these rules or any order of court." If a complaint fails to comply with Rule 8(a) and 8(e), the action may be dismissed with prejudice pursuant to Rule 41(b). Nevijel, 651 F.2d at 673. Dismissal is a harsh remedy, however, and we must look to see "whether the district court might have adopted other less drastic alternatives." Id.
 
 
 6
 Here, the district court gave Bittaker two opportunities to file an amended complaint after dismissing Bittaker's original 100 page complaint for failure to comply with Rule 8. It instructed Bittaker as to the deficiencies in both his original and his first amended complaint. Furthermore, after dismissing his first amended complaint, the court advised Bittaker that the second amended complaint would be dismissed if it was over 40 pages long. Bittaker's second amended complaint was 35 pages long, but was later followed by a separate forty page complaint, which Bittaker explained was filed because of his difficulty in constraining himself to the 40 page limit. Bittaker also stated that he would be filing a third complaint to include any actions which may have been left out of the filed complaints. The district court, finding that the two filed complaints were related, dismissed the two complaints and the action under Rule 41(b).
 
 
 7
 We agree that Bittaker has failed to meet the requirements of Rule 8. Bittaker's two filed complaints, naming over 80 defendants, are verbose, confusing, and do not present a plain or concise statement of the causes of action. Bittaker had been repeatedly warned by the district court that his failure to comply with Rule 8 would result in dismissal of his action with prejudice. Moreover, he was specifically advised of the deficiencies of both his original and amended complaint and was given the opportunity to amend. Under these circumstances, the district court did not abuse its discretion by dismissing Bittaker's action pursuant to Fed.R.Civ.P. 41(b). See Nevijel, 651 F.2d at 673.
 
 B. Pendent Claims
 
 8
 The district court dismissed without prejudice Bittaker's pendent state claims. The exercise of pendent jurisdiction to hear state claims is within the discretion of the federal district court. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Cook, Perkiss & Liehe v. Northern Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir.1990). When federal claims are dismissed before trial, the district court may properly dismiss the pendent state claims as well. See Cook, Perkiss & Liehe, 911 F.2d at 247. Thus, the district court correctly dismissed Bittaker's pendent state claims.
 
 C. Costs
 
 9
 Bittaker appeals the district court's award of costs to the defendants. A prevailing party is ordinarily entitled to recover costs. See Fed.R.Civ.P. 54(d). This is so even in the case of indigent litigants who have been granted leave to proceed in forma pauperis. 28 U.S.C. § 1915(e). Accordingly, we affirm the district court's imposition of costs.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3