28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry D. JAMERSON, Plaintiff-Appellant,
v.
Raymond P. McDONALD, et al., Defendants-Appellees.
 No. 93-16994.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 8, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Larry D. Jamerson appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. Sec. 1983 action against prison staff psychologist Raymond P. McDonald, and staff counselor C. Salonga. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's dismissal for abuse of discretion, Nevigel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981), and we affirm.
 
 
 3
 The district court dismissed Jamerson's action pursuant to Fed.R.Civ.P. 41(b) because his second amended complaint failed to comply with Fed.R.Civ.P. 8(a)(2) which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." The district court ordered Jamerson to file the second amended complaint because it was unable to discern from Jamerson's first amended complaint whether he was seeking habeas relief or relief for civil rights violations.
 
 
 4
 Jamerson's second amended complaint alleged that in McDonald's psychological evaluation of Jamerson, he made a "phony diagnosis" of Jamerson. The evaluation states, in part, that analysis "suggests [Jamerson] to be a person who is chronically paranoid and who is capable of becoming periodically belligerent." Jamerson alleged that because of this diagnosis he "lost [his] competence as a trustworthy person to be around." Jamerson further alleged that the "phony" diagnosis constituted cruel and unusual punishment under the Eighth Amendment.
 
 
 5
 Jamerson also alleged that McDonald and Salonga made a negligent recommendation that Jamerson was qualified to go to a full duty fire camp, proving the invalidity of the analysis of his psychological condition. This allegation was based on an "Institution Staff Recommendation Summary" form report, which states in the Medical/Dental section, "Full Duty/Camp Qualified."
 
 
 6
 A district court may dismiss a complaint pursuant to Fed.R.Civ.P. 41(b) based on plaintiff's failure to comply with Federal Rules of Civil Procedure. Fed.R.Civ.P. 41(b). However, dismissal is a harsh penalty and should be imposed only in extreme circumstances. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Pro se complaints are construed liberally. Id. at 1261. "Thus, before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Id.
 
 
 7
 Here, the district court dismissed Jamerson's complaint for failure to comply with the pleading requirements of Fed.R.Civ.P. 8(a). Prior to this dismissal, the district court ordered Jamerson to file a second amended complaint. In the order, the district court specified the deficiencies in the complaint, stating that it was unable to discern whether Jamerson was seeking habeas relief, or trying to articulate a civil rights claim. It also ordered the clerk of the court to provide Jamerson with the forms for a civil rights complaint and an application for a writ of habeas corpus, to assist him in stating his claims.
 
 
 8
 In dismissing Jamerson's action, the district court found that Jamerson failed to adequately allege any constitutional injury, and failed to demonstrate how the actions of defendants resulted in a deprivation of his constitutional rights under 42 U.S.C. Sec. 1983.
 
 
 9
 A review of Jamerson's second amended complaint reveals that Jamerson provides no support for his argument that McDonald's diagnosis of him is "phony" other than his characterization of it. In addition, Jamerson's claim that he has lost his "competence as a trustworthy person to be around" fails to allege the deprivation of any constitutional right. There is likewise no allegation that the recommendation that Jamerson was qualified for a full duty fire camp deprived him of any constitutional right.[1]
 
 
 10
 Because Jamerson was given express instructions regarding the deficiencies of his complaint, and two opportunities to amend, and was still unable to state a cognizable claim under Sec. 1983, the district court did not abuse its discretion by dismissing Jamerson's action. See Ferdik, 963 F.2d at 1261.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court did not address Jamerson's Eighth Amendment claim, which alleged that the "phony" diagnosis constituted "mental abuse" and caused him a "great deal of mental stress," it is clear that based on Jamerson's allegations he has failed to state a claim of cruel and unusual punishment. See, e.g., LeMaire v. Maas, 12 F.3d 1444, 1451-52 (9th Cir.1993)