104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon SANDERS, Plaintiff-Appellant,
v.
HUGHES AIRCRAFT CO.; Gregory D. Wolflick & David B. Simpson
Law Firm; Workers Compensation Appeals Board,
Defendants-Appellees,
 No. 96-55098.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Sanders appeals pro se the district court's dismissal of his action alleging violations of federal and state employment statutes as well as various constitutional provisions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal of Sander's action for Sanders's failure to amend his complaint so that it contained a "short and plain statement of [his] claim" against defendants as required by Fed.R.Civ.P. 8(a). See McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir.1996). We may affirm on any basis supported by the record, see United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), and we affirm.
 
 
 3
 On April 14, 1995, Sanders filed his original complaint. On June 15, 1995, the magistrate judge dismissed the complaint, after explaining the complaint's deficiencies, and provided Sanders with an opportunity to amend his complaint. The magistrate judge also explained that Sanders's amended complaint failed to meet the requirements of Fed.R.Civ.P. 8(a).
 
 
 4
 On July 6, 1995, Sanders filed an amended complaint. On September 21, 1995, the magistrate judge issued a report and recommendation that the amended complaint be dismissed because it was legally insufficient and because it failed to meet the requirements of Fed.R.Civ.P. 8(a). On December 7, 1995, the district court adopted the magistrate judge's report and recommendation and dismissed Sanders's action.
 
 
 5
 Sanders's amended complaint is, at most, a skeletal reference to claims he believes he has against defendants. Because he failed to articulate what facts support any of his claims after being explicitly warned that his complaint failed to contain a short and plain statement of his claims against defendants, we conclude that the district court did not abuse its discretion by dismissing his complaint. See McHenry, 84 F.3d at 1177-78; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 675 (9th Cir.1981).
 
 
 6
 We reject Sanders's remaining contentions as meritless or irrelevant to the issues on appeal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Sanders's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3