132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ken BOURKE, Plaintiff-Appellant,
STATE of California, the People of the State of California,
Plaintiff-Counter-Defendant-Appellee,
v.
CITY OF SAN DIEGO POLICE DEPARTMENT; Drucilla Hardee;
Michelle Sokolowski; Joel Warkentin; Melody Negrete;
Nancy Rand; Janice Weagant; Joe Schilling; Michael J.
Hart, Investigator, Defendants-Appellees,
City of San Diego; William Griffith; Does, City Employees
1 thru 25, Counter-Defendants-Appellees.
 No. 97-55493.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 18, 1997.
 
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ken Bourke appeals pro se the district court's dismissal with prejudice of his first amended civil rights complaint, for failure to comply with Fed.R.Civ.P. 8 and the court's prior order regarding pleading requirements. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review a dismissal with prejudice under Fed.R.Civ.P. 41(b), for failure to comply with Rule 8 and an order of the district court, for an abuse of discretion. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.1996). Because dismissal with prejudice under Rule 41(b) is a harsh remedy, we consider whether the district court could first have adopted a less drastic alternative, such as allowing further amendment. See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981).
 
 
 4
 A federal pleading must include a "short and plain statement" of each claim, and each averment must be "simple, concise, and direct." Fed.R.Civ.P. 8(a), (e)(1). However, the inartful pleadings of pro se litigants should be held to less stringent standards, particularly in civil rights actions. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987).
 
 
 5
 Here, the district court dismissed Bourke's original complaint without prejudice and his first amended complaint with prejudice, primarily because they contained irrelevant factual allegations and did not adequately link defendants to causes of action. Because Bourke is pro se, he apparently attempted to use the court's form to link parties to claims, the court neglected to warn him of the possibility of dismissal, and he received only one opportunity to amend, the district court abused its discretion by dismissing the first amended complaint with prejudice. See McHenry, 84 F.3d at 1177; Nevijel, 651 F.2d at 674.
 
 
 6
 VACATED and REMANDED.
 
 
 
 **
 Because the panel unanimously finds this case suitable for decision without oral argument, see Fed. R.App. P. 34(a), 9th Cir. R. 34-4, Bourke's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3