FILED

**NOT FOR PUBLICATION**

AUG 03 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM GRAY,

   Plaintiff - Appellant,

v.

M. GEISEL, Sergeant; et al.,

   Defendants - Appellees.

No. 14-35087

D.C. No. 3:12-cv-00321-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted July 21, 2015[**]

Before:  CANBY, BEA, and MURGUIA, Circuit Judges.

 Idaho state prisoner William Gray appeals pro se from the district court's

order dismissing for failure to exhaust administrative remedies her 42 U.S.C.

§ 1983 action alleging retaliation and unconstitutional conditions of confinement.

We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Gray's action because Gray failed to exhaust her administrative remedies under applicable regulations and failed to establish that administrative remedies were effectively unavailable to her. *See Sapp v. Kimbrell*, 623 F.3d 813, 821-24 (9th Cir. 2010) (stating that, under the Prison Litigation Reform Act, proper exhaustion requires compliance with the agency's deadlines and procedural rules concerning grievances, and describing limited circumstances where improper screening renders administrative remedies unavailable); *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (standard of review).

The district court did not abuse its discretion by rejecting Gray's amended complaint for failure to comply with Rule 8(a)'s requirement of a short and plain statement of the claims. *See* Fed. R. Civ. P. 8(a); *Carrigan v. Cal. State Legislature*, 263 F.2d 560, 565-66 (9th Cir. 1959) (standard of review); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (Rule 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory"); *see also Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (district court did not abuse its discretion in denying leave to amend on the basis of a failure to comply with Rule 8(a)).

14-35087

The district court did not abuse its discretion by permitting defendant Geisel to join the remaining defendants' motion to dismiss. *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("[W]e will reverse a district court's litigation management decisions only if it abused its discretion, or if the procedures deprived the litigant of due process of law within the meaning of the Fifth or Fourteenth Amendments." (citation omitted)).

The district court did not abuse its discretion in denying Gray's motion to compel discovery on the basis of her failure to comply with the local "meet and confer" rule. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (standard of review and describing court's broad discretion to permit or deny discovery).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**