**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ABUBAKAR HUSSEIN AHMED,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>ARIZONA STATE UNIVERSITY,<br>through its Campus Police Department; et<br>al.,<br><br>　　　　Defendants-Appellees. | No. 15-15963<br><br>D.C. No. 2:14-cv-01626-MHB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding**

Submitted November 16, 2016***

Before:　　LEAVY, BERZON, and MURGUIA, Circuit Judges.

Abubakar Hussein Ahmed appeals pro se from the district court's judgment

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　　Ahmed consented to proceed before a magistrate judge.　*See* 28
U.S.C. § 636(c).

　　***　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's dismissal for failure to comply with Federal Rule of Civil Procedure 8. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). We vacate and remand.

The district court properly found that Ahmed's First Amended Complaint violated Rule 8(a)'s requirement that a pleading shall contain "a short and plain statement" of the case. However, the district court did not consider less drastic alternatives before dismissing Ahmed's action. *See McHenry v. Renne*, 84 F.3d 1172, 1175, 1177-78 (9th Cir. 1996) (while a complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Rule 41(b), a district court should first consider less drastic alternatives); *Nevijel*, 651 F.2d at 674 (less drastic alternatives include "further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel"). Further, the district court did not include any discussion of the facts alleged in Ahmed's complaints, and it is unclear whether it "consider[ed] the strength" of Ahmed's case before dismissing it. *McHenry*, 84 F.3d at 1179 (noting that district court considered the strength of plaintiff's case, but acknowledging that "thorough analysis" was not a prerequisite for dismissal).

Moreover, while the district court had previously given Ahmed an opportunity to amend his complaint, the district court's initial screening order failed to give Ahmed notice of any deficiencies in his original complaint. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988) (the court "must do more than simply advise the pro se plaintiff that his complaint needs to be shorter and more concise"; the district court is "required to draft a few sentences explaining the deficiencies"). Because we conclude that it is not clear that Ahmed's claims cannot be cured by amendment, *see id.*, we vacate the judgment, and remand to the district court to give Ahmed notice of the deficiencies in his claims and an opportunity to file an amended complaint.

On further inquiry, we conclude that the appeal is not frivolous, grant in forma pauperis status, and instruct the district court to return the filing fee to Ahmed.

**VACATED and REMANDED.**