**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNE PRAFADA, individually on her own behalf and as Guardians Ad Litem of M; on behalf of D.M., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MESA UNIFIED SCHOOL DISTRICT, <br><br> Defendant-Appellee, <br><br> and <br><br> STATE OF ARIZONA, <br><br> Defendant. | No.    18-17139 <br><br> D.C. No. 2:18-cv-00718-DGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted February 4, 2020[**]

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Anne Prafada appeals pro se from the district court's judgment dismissing her action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with Federal Rule of Civil Procedure 8. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing Prafada's action because the second amended complaint failed to comply with Rule 8. *See* Fed. R. Civ. P. 8(a); *McHenry*, 84 F.3d at 1177 (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (dismissal under Rule 8 was proper where the complaint was "verbose, confusing and conclusory").

The district court did not abuse its discretion in denying Prafada's motion for a preliminary injunction because Prafada did not demonstrate that she was likely to succeed on the merits of her claims. *See Short v. Brown*, 893 F.3d 671, 675-76 (9th Cir. 2018) (stating standard of review and discussing requirements for granting a preliminary injunction).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Prafada's motion to resubmit her excerpts of record (Docket Entry No. 33) is

2                                                                    18-17139

granted. The Court has considered the excerpts Prafada submitted in conjunction with that motion. All other pending motions and requests are denied.

**AFFIRMED.**