**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANET C. HOWELL, | No. 19-16236 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00025-JAO-RT |
| v. | |
| AMOGUIS CLANS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Janet C. Howell appeals pro se from the district court's judgment dismissing her action alleging federal claims.  We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with Federal Rule of Civil Procedure 8.  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We affirm.

The district court did not abuse its discretion by dismissing Howell's action for failure to comply with its order to amend the complaint to comply with Rule 8(a). Despite the district court's warnings and instructions, Howell's amended complaint was vague, confusing, and failed to contain a short and plain statement of the grounds for the district court's jurisdiction. *See* Fed. R. Civ. P. 8(a); *McHenry*, 84 F.3d at 1177 (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (dismissal under Rule 8 was not an abuse of discretion where the complaint was "verbose, confusing and conclusory"); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (establishing factors to consider before dismissing an action as a sanction).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**