**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLIE OREA; BRENDA OREA,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION, a California corporation; KEVIN R. MCCARTHY, individually, and as Director of Quality Loan Service Corporation; MERDAUD JAFARNIA, individually, and as employee of McCarthy and Holthus LLP; JOVONNE M. PHILLIPS, individually, and as employee of McCarthy and Holthus LLP; CONCEPCION LEGASPI, as an employee of Quality Loan Service Corporation; KATHERINE A. DAVIS, as an employee of Quality Loan Service Corporation; KATHLENE DANAHER RUSH, as an employee of Quality Loan Service Corporation; RONALD ALONZO, as an employee of Quality Loan Service Corporation; RICHARD P. STEELMAN, Jr., individually, and as and employee of Bryan Cave, LLP; NATIONWIDE POSTING AND PUBLICATION, INC.; KATHY | No.    19-56529<br><br>D.C. No.<br>5:18-cv-02570-JGB-KK<br><br>MEMORANDUM<sup>*</sup> |

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

KALOUSEK, Realtor at Coldwell Banker; DOES, 1-10; WELLS FARGO BANK, N.A., as TRUSTEE for the Certificateholders of Structured Asset Mortgage Investments II, Inc., GreenPoint MTA Trust 2006-AR2 Mortgage Pass-Through Certificates Series 2006-AR2, and WELLS FARGO NATIONAL ASSOCIATION as TRUSTEE for Structured Asset Mortgage Inves; KAITLIN PRESTON, Individually, and as employee of MCCARTHY AND HOLTHUS LLP; (or successors); ASHLEY BROOKE HENNESSEE; SELECT PORTFOLIO SERVICING, INC.; FIRST AMERICAN TITLE COMPANY NATIONWIDE POSTING AND PUBLICATION; SAMUEL KOUNGRES, individually; BOULET LOVAN, individually, and as an employee of Quality Loan Service Corporation; LIQUENDA ALLOTEY, individually; JAMES C. MORRIS, individually; STACY SPOHN, individually; STARLENE STARLING; MARIE SOBERAN, individually; SHELLEY O'MALLEY, an individual; GREENPOINT MTA TRUST 2006 AR2 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006 AR2,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

2

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Charlie and Brenda Orea (the Oreas) appeal pro se from the district court's judgment dismissing their second amended complaint with prejudice.  They alleged a variety of federal and California claims against multiple defendants arising from the foreclosure of the mortgage securing their residence and the subsequent sale of the property.  We affirm.

The district court did not abuse its discretion in dismissing the Oreas' second amended complaint, which spanned more than ninety pages of text and 540 pages of exhibits, for violating Federal Rule of Civil Procedure 8(a).  *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc); Fed. R. Civ. P. 41(b).  That complaint was so lengthy, rambling, confusing, and disorganized that "one cannot determine . . . who is being sued, for what relief, and on what theory." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *see also id.* at 1177–78;

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1049 (9th Cir. 1971).[1]

Likewise, we perceive no abuse of discretion in the district court's dismissal of the action with prejudice. *See Nevijel*, 651 F.2d at 673; *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). The district court properly accounted for the Oreas' pro se status[2]: it had already granted the Oreas leave to amend their first amended complaint and provided guidance to remedy the pleading's deficiencies, but the Oreas failed to follow that advice. *See Nevijel*, 651 F.2d at 674. The district court had no obligation to further assist them in drafting an adequate statement of their claims. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc). Moreover, the district court reasonably concluded that further leave to amend would be futile in light of the Oreas' persistent inability to draft a complaint

---

[1] We decline to consider the Oreas' newly-minted argument that the district court should have sifted through each of their twenty-nine claims sua sponte. *See Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996). We also do not consider the Oreas' argument in their reply brief that the district court erred by allowing one defendant to substitute its attorney. *See id.*; *see also Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

[2] *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65, 1364 n.4 (9th Cir. 1986).

4

compliant[3] with the Federal Rules. *See Cafasso*, 637 F.3d at 1058–59; *see also*

*Von Poppenheim*, 442 F.2d at 1054. The Oreas' continuing failure on appeal to

specify how they would remedy those deficiencies only bolsters the reasonableness

of that conclusion.

**AFFIRMED.**

---

[3] *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).