NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANK DEVILLE; DEE ANETIONETTE
DEVILLE,

Plaintiffs-Appellants,

v.

SPECIALIZED LOAN SERVICING LLC,
Individually and as Servicing agent for Towd
Point Mortgage trust 2020-1; et al.,

Defendants-Appellees.

No. 20-56328

D.C. No. 2:20-cv-05576-JGB-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Frank Deville and Dee Anetionette Deville appeal pro se from the district

court's judgment dismissing their action alleging federal and state law claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006). We affirm.

The district court properly dismissed plaintiffs' action because, despite being granted an opportunity to amend, plaintiffs' operative amended complaint failed to comply with Rule 8. *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (a complaint that is "argumentative, prolix, replete with redundancy, and largely irrelevant" fails to comply with Rule 8); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a complaint that is "verbose, confusing and conclusory" violates Rule 8).

The district court did not abuse its discretion by granting defendants' requests for judicial notice. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (explaining that "documents on file in federal or state courts" are properly the subject of judicial notice); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (standard of review).

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile, as the district court correctly concluded plaintiffs' claims were barred by claim preclusion. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth

standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation and internal quotation marks omitted)).

We reject as without merit plaintiffs' contentions that the district court erred by denying their motion to consolidate and motion to alter the judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**