NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL L. McLAUGHLIN,

             Plaintiff-Appellant,

  v.

SHANNON McCLOUD; JAMES M.
MILBURN; ROBERT D. HIBPSHMAN;
JOHN BODICK; MATTHIAS C. CICOTTE;
DARIN A. MEDINA; DAVID H.
CLEVELAND; MATTHEW ZEEK;
CURTIS J. BROWN; ROY L. SMITH;
BRIAN D. JOHNSON; BYRON J.
KINCAID; GARY HAMES; AMY
FENSKE; DONALD K. CARLON;
JONATHAN C. BARCUS,

             Defendants-Appellees.

No. 20-35339

D.C. No. 3:18-cv-00085-SLG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Alaska state prisoner Michael L. McLaughlin appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (determination of whether a complaint complies with Federal Rule of Civil Procedure 8). We affirm.

The district court properly dismissed McLaughlin's federal claims because McLaughlin's operative first amended complaint failed to comply with Rule 8. *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a complaint that is "verbose, confusing and conclusory" violates Rule 8).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**