NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>WALMART SUPERCENTER; KAREN ROBERTS, Walmart counsel,<br><br>    Defendants-Appellees. | No.   23-15976<br><br>D.C. No.<br>2:22-cv-00249-DJC-JDP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Judge, Presiding

Submitted November 5, 2024**
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jean Marc Van den Heuvel appeals pro se the district court's order dismissing his complaint for failing to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." We review *de novo* a district court's determination whether the plaintiff's complaint complied with the requirements of Rule 8. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006).

2. The district court properly dismissed the action because Van den Heuvel failed to allege facts sufficient to state a plausible claim for relief. Van den Heuvel's operative complaint and brief on appeal predominantly contain general grievances unrelated to the defendants named in this action. *See McHenry v. Renne,* 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal under Rule 8 where allegations were "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal under Rule 8 where allegations were "verbose, confusing and conclusory"). Although difficult to decipher, Van den Heuvel appears to allege he was arrested for trespass at Defendant-Appellee Walmart Supercenter's parking lot. However, Van den Heuvel pleads no facts

suggesting the arrest was unlawful or that the defendants otherwise violated his civil rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that Rule 8(a) requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," or "'naked assertion[s]' devoid of 'further factual enhancement'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007))); *Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

3.      The district court also did not abuse its discretion in dismissing the complaint with prejudice. Despite an opportunity to amend, Van den Heuvel failed to cure his complaint. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

**AFFIRMED.**