NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALLANNA WARREN,

       Plaintiff - Appellant,

  v.

CITY OF HENDERSON; HENDERSON
POLICE DEPARTMENT; HOLLIE
CHADWICK; DOE COLEMANM;
CLARK COUNTY NEVADA; MICHELLE
ROMERO; TIM BUCHANAN; GINA
WATERS; STEPHANIE NICKSON; LISA
KELSO,

       Defendants - Appellees.

No. 24-4482

D.C. No. 2:23-cv-01503-GMN-NJK

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted October 15, 2025**

Before:     FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Allanna Warren appeals pro se from the district court's order dismissing her

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 1983 action alleging various claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (compliance with Federal Rule of Civil Procedure 8); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)). We affirm.

The district court properly dismissed Warren's action for failure to comply with Rule 8 because Warren failed to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Pickern*, 457 F.3d at 968 ("Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (citation and internal quotation marks omitted)); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (explaining that a complaint that is "verbose, confusing and conclusory" violates Rule 8). The district court provided an opportunity to amend, and Warren did not do so.

All pending motions and requests are denied. The clerk will maintain Docket Entry No. 9 under seal because an independent review suggests the documents may warrant sealing.

**AFFIRMED.**

2                                                                      24-4482