NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS ALLUMS,

        Plaintiff - Appellant,

v.

CITY OF OAKLAND,

        Defendant - Appellee.

No. 24-6837

D.C. No. 3:24-cv-06272-TLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Submitted March 16, 2026[**]

Before:    SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Dennis Allums appeals pro se from the district court's order dismissing his

42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112

(9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Pickern v. Pier 1*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (compliance with Federal Rule of Civil Procedure 8). We affirm.

The district court properly dismissed Allums's action because his complaint failed to comply with the requirements of Rule 8. *See* Fed. R. Civ. P. 8(a)(2) (requiring a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (explaining that a complaint that is "verbose, confusing and conclusory" violates Rule 8); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying leave to amend because "it is clear that granting leave to amend would have been futile." *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) (citation omitted); *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (setting forth standard of review and explaining that denial of leave to amend is proper where no amendment would cure the complaint's deficiencies).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Allums's motion (Docket Entry No. 5) for default judgment or summary

disposition is denied.

**AFFIRMED.**