NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORDAN CHRISTOPHER ZITO, State of Nevada, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE OF NEVADA; DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF WELFARE AND SUPPORTIVE SERVICES; MARK E. AMODEI; CATHERINE CORTEZ MASTO, Senator; JACKY ROSEN, Senator, Department of Taxation; RALEYS SUPERMARKETS, INC., <br><br> Defendants - Appellees. | No. 25-1837 <br><br> D.C. No. 3:25-cv-00024-MMD-CLB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 22, 2026**

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jordan Christopher Zito appeals pro se from the district court's judgment dismissing his action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (compliance with Federal Rule of Civil Procedure 8). We affirm.

The district court properly dismissed Zito's action because Zito failed to provide in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Pickern*, 457 F.3d at 968 (explaining that "Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" (citation and internal quotation marks omitted)); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (explaining that a complaint that is "verbose, confusing and conclusory" violates Rule 8).

We reject as unsupported by the record Zito's contentions regarding judicial misconduct and bias.

All pending motions and requests are denied.

**AFFIRMED.**