NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN MAE POLK, | No. 17-17111 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-00728-DAD-BAM |
| v. | |
| PITTMAN, Correctional Officer; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted October 22, 2018**

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

California state prisoner Susan Mae Polk appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (failure to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

comply with court orders); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) (failure to comply with Fed. R. Civ. P. 8). We affirm.

The district court did not abuse its discretion by dismissing Polk's action because Polk failed to comply with the district court's orders despite multiple warnings to comply with the federal pleading and joinder requirements. *See Pagtalunan*, 291 F.3d at 642 (discussing the five factors for determining whether to dismiss a case for failure to comply with a court order); *see also* Fed. R. Civ. P. 8, 18, 20. Moreover, the district court did not abuse its discretion by denying Polk's motions to join claims and to supplement the fourth amended complaint because the motions further demonstrated Polk's failure to comply with the court's orders regarding an amended complaint. Contrary to Polk's contention, the district court was not required to direct defendants to proceed on her Eighth Amendment claim, where Polk chose not to proceed on that claim alone.

The district court did not abuse its discretion by denying Polk's motion for disqualification because Polk failed to establish extrajudicial bias or prejudice. *See* 28 U.S.C. § 455 (circumstances requiring recusal); *Clemens v. U.S. Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (test for disqualification under § 455(a)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                    17-17111