**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUNA DISTRIBUTING LLC, a California
Limited Liability Company,

Plaintiff-Appellant,

v.

STOLI GROUP USA LLC,

Defendant-Appellee.

No.   19-55813

D.C. No.
8:17-cv-01552-DOC-JDE

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted July 7, 2020
Pasadena, California

Before:  PAEZ and BADE, Circuit Judges, and ZOUHARY,[**] District Judge.

Luna Distributing ("Luna") sued Stoli Group ("Stoli") for trademark

infringement.  Craig Lytle, whom Luna retained to prosecute the lawsuit,

repeatedly missed deadlines and failed to comply with discovery obligations.  Stoli

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

filed for summary judgment, and alternatively requested dismissal for failure to prosecute under Civil Rule 41(b). The district court granted the Rule 41(b) motion to dismiss with prejudice. The court later denied Luna's two Civil Rule 60(b) motions for reconsideration and also ordered Luna, not Lytle, to pay approximately $85,000 in discovery sanctions under Civil Rule 37(d).

Luna appeals the: (1) dismissal of its claims with prejudice pursuant to Rule 41(b); (2) denial of its motion for reconsideration under Rule 60(b)(1); and (3) award of discovery sanctions pursuant to Rule 37(d). We have jurisdiction under 28 U.S.C. § 1291, and we review for abuse of discretion. *See Conn. Gen. Life Ins. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (discovery sanctions); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (denial of Rule 60(b) motion); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 650 (9th Cir. 1991) (Rule 41(b) dismissal).

1.      Before granting a Rule 41(b) motion to dismiss for failure to prosecute, the district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "We may affirm a dismissal where at least four factors support dismissal, or where at least

three factors strongly support dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (cleaned up). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The first two factors favor dismissal. With attorney Lytle at the helm, Luna failed to timely respond to a Rule 12(b)(6) motion, or the later Rule 41(b) motion. Lytle also arrived three hours late to a scheduling conference, and missed a status conference. The district court correctly determined this conduct undercut both the interest in efficient litigation and the court's need to manage its docket.

Regarding the third factor, the risk of prejudice to Stoli, "only unreasonable delay will support a dismissal for lack of prosecution and unreasonableness is not inherent in every lapse of time." *Nealey v. Transportacion Maritima Mexicana*, 662 F.2d 1275, 1280 (9th Cir. 1980) (citation omitted). Where a district court finds unreasonable delay, prejudice is presumed to exist. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). But, here, the conduct was not so egregious, or without remedy, that there was prejudice to Stoli. The Complaint was filed in September 2017 and dismissed with prejudice in April 2019. Not all delays were unreasonable or caused by Lytle. Stoli filed its initial motion to dismiss on

3

December 29, 2017; Luna filed its opposition less than one month later; and Stoli filed its reply on February 16, 2018. The district court ruled on the motion in July 2018, and Stoli's Answer followed in September 2018. Stoli filed a motion for summary judgment, which alternatively requested dismissal under Rule 41(b), on March 18, 2019. The court scheduled an April status conference on two days' notice, and dismissed the case two weeks later.

The remaining two factors do not support dismissal. The public policy favoring disposition on the merits almost always weighs against dismissal; this case is no exception. *See Pagtalunan*, 291 F.3d at 643. The availability-of-alternatives factor also weighs against dismissal. This factor generally supports dismissal if the district court "explicitly discuss[ed] the feasibility of less drastic sanctions and explain[ed] why alternative sanctions would be inadequate," implemented lesser sanctions before dismissing the lawsuit, or warned plaintiffs beforehand of the possibility of dismissal. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987); *accord Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998). These sub-factors are "a way for a district judge to think about what to do, not . . . a script for making what the district judge does appeal-proof." *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (citation omitted). While the district court noted that "no lesser sanction is likely [to] be effective," the district court did not reasonably explore the feasibility of alternatives to dismissal. *Anderson v. Air*

4

*West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976); *see also Malone*, 833 F.2d at 132 ("We have indicated a preference for explicit discussion by the district court of the feasibility of alternatives when ordering dismissal."). And while the Rule 41(b) motion alerted Luna that dismissal was a serious possibility, the court should have discussed or employed a lesser sanction before dismissing the lawsuit with prejudice, especially when punishing the client Luna with a monetary penalty for its lawyer's misconduct.

The district court's frustration with Lytle is understandable, but the "harsh remedy" of dismissal required the district court to reasonably explore "meaningful alternatives . . . bearing in mind the drastic foreclosure of rights that dismissal effects." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). And the harshness of the dispositive sanction, without a reasonable consideration of lesser alternatives -- such as monetary sanctions against Luna's counsel or requiring Luna to retain associate counsel -- weighs heavily against dismissal with prejudice. *See Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) ("While contumaciousness toward the court needs a remedy, something other than case-dispositive sanctions will often suffice."); *see also Nevijel*, 651 F.2d at 674 (where the fault may lie "with the attorney rather than the litigant," dismissal is a "harsh remedy") (citations omitted).

5

In sum, the first two factors weigh in favor of dismissal, while the fourth and fifth weigh against dismissal. The third factor -- the risk of prejudice -- does not "strongly support dismissal." *Yourish*, 191 F.3d at 990.

2.     Accordingly, we conclude that the Rule 41(b) dismissal was an abuse of discretion and we vacate and remand the dismissal. Luna's appeal of the denial of its Rule 60(b)(1) motion is therefore moot.

3.     We affirm the district court award of monetary sanctions under Rule 37(d). Luna waived any argument that the size of the award is excessive or that its attorney, Lytle, is the more appropriate target for sanctions, because it did not assert these arguments before the district court or on appeal. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).

4.     Finally, Luna purports to appeal the order rejecting Luna's request for relief under Rule 60(b)(6). But Luna did not file a notice of appeal with respect to that order, and therefore we lack jurisdiction to review it. *See Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063 (9th Cir. 2002) ("The filing of an effective notice of appeal is a jurisdictional requirement which cannot be waived."). Parties shall bear their own costs on appeal.

**VACATED AND REMANDED in part, AFFIRMED in part, and DISMISSED in part**.