NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESS D. BRASUELL III, | No. 22-55316 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02320-PSG-PD |
| v. | |
| SAN LUIS OBISPO COUNTY JAIL; SAN LUIS OBISPO COUNTY SUPERIOR COURT; SAN LUIS OBISPO COUNTY SHERIFF'S DEPUTIES, Custody Division Deputies and Staff, official capacity; SAN LUIS OBISPO COUNTY SHERIFF DEPUTIES, BAILIFFS, Custody Division Deputies and Staff, official capacity; SUPERIOR COURT CLERK OF SAN LUIS OBISPO COUNTY, Court Clerks, official capacity; AMANDA GIBSON, (Nurse) Employee of Wellpath Health Care, official capacity; HENRICHSEN, San Luis Obispo County Sheriff, official capacity; UNKNOWN PARTIES, Bailiffs of Superior Court; UNKNOWN PARTIES, Court Clerks of San Luis Obispo; CORRECTIONAL OFFICERS, of San Luis Obispo County Jail; AARON NIX; GEREMIA; JIM VOGE; KATIE PORTER, Records Custodian; CADENA; PINTOR; CLARK; ARMSTRONG; KESSLER, Compliance officer; ROBERT CROUSE; CHRISTY MULKERIN; WILLIE; SNIDER; JASON | MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ROBERTS; AUGUST, Mental Health
Worker; TORRES, Classification Officer;
RAU; M. GONZALES; HUSKY;
POORMAN; ORDONEZ; MORAN; DOES,
1 through 15, individual and official
capacity; DOES, 1 to 20,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted July 8, 2024[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Plaintiff Jess Brasuell, III, a California state inmate, appeals from the district court's dismissal of his prisoner civil rights action with prejudice. We review the dismissal for an abuse of discretion. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). We affirm.

Plaintiff has waived any challenge to the reasons given by the district court for dismissing the Fourth Amended Complaint by not addressing those rulings in his opening brief. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decline to consider issues or allegations not specifically and distinctly raised in the opening brief or in the district court. *Id.*

The district court did not abuse its discretion by dismissing this action with prejudice, after giving plaintiff multiple opportunities to amend. The district court considered the proper factors and reasonably concluded that further amendment would be futile. As the district court noted, plaintiff failed to respond to the motion to dismiss after receiving notice of the motion and repeatedly failed to comply with the district court's orders to file amended complaints that complied with Federal Rule of Civil Procedure 8. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (noting that the district court's discretion to deny leave to amend is "particularly broad" when it has already allowed amendment) (internal quotation marks omitted); *Pagtalunan*, 291 F.3d at 642 (setting forth the factors for the court to consider before dismissing pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court orders); *Nevijel*, 651 F.2d at 674 (holding that a "verbose, confusing and almost entirely conclusory" complaint violates Rule 8 and affirming the dismissal of an amended complaint that "was equally as verbose, confusing and conclusory as the initial complaint"); Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim").

To the extent that plaintiff seeks damages for an invalid criminal conviction, his claims are barred. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a

3

judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence", "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). To the extent plaintiff seeks immediate release, his exclusive federal remedy lies in habeas corpus. *Id.* at 481.

None of plaintiff's conclusory, confusing allegations made on appeal establish that he could comply with Rule 8 or state a constitutional claim.

Plaintiff's motions to supplement the record or obtain discovery (Dkt. Entry Nos. 17, 18, 35, 36) are DENIED. Plaintiff's motion for an extension of time to file a reply brief (Dkt. Entry No. 38) is DENIED as moot.

**AFFIRMED.**